## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DENNYS SOTO-MARTINEZ, et al., **Plaintiff(s)** v. COLEGIO SAN JOSE, INC., et al., **Defendant(s)** | CIVIL NO. 08-2374 (JAG) |

### OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Defendants' motion to dismiss. (Docket No. 17). For the reasons stated below, this Court **GRANTS** Defendants' motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2008, Dennys Soto-Martinez ("Soto-Martinez") and his wife Irelly Velez Ramirez (collectively "Plaintiffs") filed a complaint before this Court alleging that Soto-Martinez was discriminated because of his sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Specifically, Plaintiffs allege that Soto-Martinez was subject to a hostile work environment, retaliation, and was terminated from his employment because of his gender. Additionally, Plaintiffs submitted several supplemental state law claims.

Plaintiffs claim that when Soto-Martinez' was promoted from

Regional Teacher to Assistant Principal in Colegio San Jose de San German he began to suffer a pattern of sexual harassment at the hands of his female co-workers. Plaintiff contends that on several occasions the female Defendants used derogatory words describing a homosexual man and proffered comments towards him that insinuated that he was a homosexual. According to Plaintiffs, Defendants retaliated against Soto-Martinez after he came to the defense of a fellow teacher, who his co-workers referred to with a derogatory Spanish word for a homosexual man. Plaintiffs aver that Soto-Martinez also suffered retaliation after he recommended to his co-workers that norms and policies against discrimination be enacted. Thereafter, Plaintiffs submit that Soto Martinez increasingly experienced "a pattern of gender hostilities and harassment and gender discriminatory conduct." Plaintiffs allege that one such hostility suffered by Soto-Martinez was when one of the female Defendants began in front of other staff members to correct and mark his work. Finally, Plaintiffs contend that Soto-Martinez was terminated after he formalized some of his complaints at his place of employment. (Docket No. 1).

Defendants argue that Plaintiffs failed to state a Title VII claim and, as such, all federal claims in the case at bar should be dismissed. Moreover, Defendants contend that Plaintiffs' state law claims should be dismissed. (Docket No. 17). On August 6, 2009, Plaintiffs opposed Defendants' dismissal request. (Docket No. 18).

**STANDARD OF REVIEW**

Civil No. 08-2374 (JAG)                                                    3

I. Motion to Dismiss

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). The court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). Twombly does not require heightened fact pleading of specifics; however, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S. Ct. at 1949-50. The First Circuit has recently relied on these two principles as outlined by the Court. See Maldonado v. Fontanes, No. 08-2211, 2009 WL 1547737, at *3 (1st Cir. June 4, 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is

Civil No. 08-2374 (JAG)                                                          4

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Id. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation". Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

**DISCUSSION**

I. Title VII

As mentioned above, Plaintiffs bring this Title VII suit because Soto-Martinez was allegedly subject to a hostile work environment, retaliation and was terminated because of his sex. We will first address Defendants' contention that Plaintiffs failed to state a hostile work environment claim.

A. <u>Hostile Work Environment</u>

Title VII prohibits employers from discriminating against an individual with respect to his employment on the basis of his sex. 42 U.S.C. § 2000e-2(a)(1). The scope of Title VII's prohibition of discrimination "because of . . . sex" "is not limited to 'economic' or 'tangible' discrimination. The phrase 'terms, conditions, or privileges of employment' evinces a congressional intent to strike at the entire spectrum of disparate treatment of men and women in employment." <u>Meritor Sav. Bank, FSB v. Vinson</u>, 477 U.S. 57, 64 (1986) (citations and some internal quotation marks omitted). Discrimination "because of . . . sex" includes "requiring people to work in a discriminatorily hostile or abusive environment."[1] <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993). "When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." <u>Id.</u> (internal citations and quotation marks

---

[1] "Sexual harassment can take place in two related ways; the first, quid pro quo harassment, occurs when a supervisor conditions the granting of economic or other job benefit upon the receipt of sexual favors from a subordinate, or punishes that subordinate for refusing to comply. The second type of sexual harassment, hostile work environment, occurs when one or more supervisors or co-workers create an atmosphere so infused with hostility towards members of one sex that they alter the conditions of employment for them." <u>Hernandez v. Smith Kline Beecham Pharm.</u>, No. 02-2750, 2005 U.S. Dist. LEXIS 27995, at *36-37 (D.P.R. Oct. 31, 2005).

Civil No. 08-2374 (JAG)                                                6

omitted).[2] This is what is known as hostile work environment, a type of sexual harassment that occurs when "one or more supervisors or co-workers create an atmosphere so infused with hostility towards members of one sex that they alter the conditions of employment for them." Hernandez, 2005 U.S. Dist. LEXIS 27995, at *36-37.

It has been underscored by the Supreme Court that, "offhand comments and isolated incidents (unless extremely serious) are not sufficient to prevail in a hostile work environment claim under Title VII. See Faragher, 524 U.S. at 788. Hence, petty slights or minor annoyance that occur in the workplace are not sufficient. Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006). Consequently, courts must "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." Faragher, 524 U.S. at 788. Thus, a plaintiff must prove,

---

[2] The Supreme Court has outlined the elements a plaintiff must meet in order to prevail in a hostile work environment claim: (1) that he is a member of a protected class; (2) that he was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established. Faragher v. City of Boca Raton, 524 U.S. 775, 787-89 (1998); see also O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir. 2001).

Civil No. 08-2374 (JAG)                                                  7

as an element of his claim, that the comments and actions complained of were more than merely offensive, but rather were "severe or pervasive enough to create an objectively hostile or abusive work environment--an environment that a reasonable person would find hostile or abusive." Harris, 510 U.S. at 22. Whether an environment is hostile or abusive can be determined only by looking at all the circumstances. O'Rourke, 235 F.3d at 723.

In their complaint, Plaintiffs allege that Soto-Martinez experienced a pattern of sexual harassment at the hands of his female co-workers. Plaintiffs point to several occasions in which the female Defendants proffered homosexual comments towards Soto-Martinez. As just mentioned, "[w]hile sexually explicit language may constitute evidence of sexual harassment, it is not "always actionable, regardless of the harasser's sex, sexual orientation, or motivations." Spearman v. Ford Motor Co., 231 F.3d 1080, 1085 (7th Cir. 2000). The Supreme Court has stressed that an individual does not make out a claim of sexual harassment "merely because words used have sexual content or connotations." Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 80 (1998). The critical issue in Title VII cases is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." Id. (internal quotation marks omitted). Thus, in the present case, Plaintiffs must allege that Soto-Martinez was harassed because of his sex, i.e. because he is a man. See id.

Civil No. 08-2374 (JAG)                                                  8

Plaintiffs failed to effectively allege that Soto-Martinez was harassed because he is a man as required by Iqbal. Plaintiffs submit conclusory allegations, which we cannot consider, that Soto-Martinez was discriminated because of his gender. The only factual allegations proffered by Plaintiffs are that Soto-Martinez suffered from verbal harassment that insinuated that he was a homosexual. These allegations are certainly not enough to sustain a Title VII hostile work environment claim. See, e.g., Bibby v. Phila. Coca Cola Bottling Co., 260 F.3d 257, 264 (3d Cir. 2001) (holding that a hostile work environment claim fails where plaintiff was subjected to vulgar statements regarding his sexual orientation and practices accompanied by physical assault and graffiti because the plaintiff failed to claim that he was discriminated because he was a man); Spearman v. Ford Motor Co., 231 F.3d 1080, 1085 (7th Cir. 2000) (male employee who endured threatening and hostile statements, taunting, and graffiti did not establish hostile work environment claim because his co-workers "maligned him because of his apparent homosexuality, and not because of his sex"); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 258 (1st Cir. 1999) (rejecting hostile work environment claim where plaintiff was verbally harassed and mocked due to his homosexuality because he failed to show that harassment occurred because of his sex).[3]

Plaintiffs claim in their opposition to the motion to dismiss

---

[3] Title VII does not proscribe harassment simply because of sexual orientation. Id. at 259.

Civil No. 08-2374 (JAG)                                                9

that their complaint contains an allegation that Soto-Martinez was subject to disadvantageous terms or conditions of employment. Specifically, Plaintiffs contend that as part of the pattern of sexual harassment suffered by Soto-Martinez, one of the Defendants began in front of other staff members to correct Soto-Martinez' work.[4] However, much like the previously discussed allegations consisting of homosexual remarks, this claim is not sufficient to sustain a Title VII claim as it does not aver that Soto-Martinez suffered from this act because he is a man. This allegation merely alleges an altercation with a co-worker. See, e.g., Spearman, 231 F.3d at 1085 (rejecting a hostile work environment claim because plaintiff's problems resulted from his altercations with co-workers over work issues, and because of his apparent homosexuality not because he was a man). Thus, while Plaintiffs aver that Soto-Martinez was subject to a wretched work environment, his allegations, nonetheless, are not enough to make Defendants liable under Title VII as they do not establish that Soto-Martinez was subject to a hostile work environment because of his sex.

---

[4] The following is the allegation as stated in the complaint:
> In retaliation to Plaintiff Soto-Martínez['] opposition to unlawful employment practices and non-conformity with the "girls-club" environment, he began increasingly experiencing a pattern of gender hostilities and harassment and gender discriminatory conduct. One of such hostilities toward Plaintiff Soto-Martínez came when Co-Defendant Magalie Álvarez began in front of other staff members to correct and mark work that was required to be given to her.

(Docket No. 1, ¶ 18, 19)

B. <u>Soto-Martinez' Termination</u>[5]

Plaintiffs also allege that Soto-Martinez suffered from sex discrimination because he was terminated after he formalized several complaints to his supervisors at Colegio San Jose de San German. In their opposition to the motion to dismiss, Plaintiffs describe Soto-Martinez' termination as a discrete act of sexual discrimination.[6] Ordinarily, a sex discrimination claim based on a termination is analyzed pursuant to the familiar three stage burden

---

[5] In their opposition to Defendants' motion to dismiss, Plaintiffs indicated to the Court that Defendants did not move for the dismissal of their sexual harassment claim based on Soto-Martinez' termination. However, Plaintiffs should note that this Court is not sua sponte dismissing their sex discrimination claim based on Soto-Martinez' termination. In their motion to dismiss, Defendants argues that Plaintiffs fail to state a sex discrimination claim because "[l]ooking at the facts alleged in the complaint in the light most favorable to plaintiff, there is no set of facts that establish a cause of action to which a remedy is afforded by the defendants." (Docket No. 17). Thus, Defendants effectively alleged that Plaintiff failed to state a claim under Title VII which includes the sex discrimination claim based on Soto-Martinez' termination. Forcibly, this requires us to examine whether Plaintiffs' Title VII violation claim based on Soto-Martinez' termination is facially plausible pursuant to the allegations in the complaint.

[6] The following are the only allegations in the complaint regarding Soto-Martinez' termination:
> On December 17, 2008, Plaintiff Soto-Martinez formalized some of his complaints to Co-Defendant Monseñor Humberto López and Glenis Mulet, only to find himself fired 3 days latter. . . . Defendants' conduct to harass and allow harassment to take place against Plaintiff Soto-Martinez, as well as his termination was based on his gender.

(Docket No. 1, ¶ 22,27)

Civil No. 08-2374 (JAG)                                                  11

shifting framework that was first established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Santiago-Ramos, v. Centennial P.R. Wirless Corp.</u>, 217 F.3d 46, 53 (1st Cir. 2000). An employee alleging sex discrimination must first establish that: (1) he belongs to a protected class, (2) he performed his job satisfactorily, (3) his employer took an adverse employment decision against him, and (4) his employer continued to have his duties performed by a comparably qualified person.[7] <u>Id.</u> at 54. By doing so, the employee establishes a <u>prima facie</u> case of discrimination. <u>Id.</u> The Supreme Court held in <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 (2002) that in an employment discrimination lawsuit, the plaintiff is not obligated to allege specific facts to establish a <u>prima facie</u> case of discrimination under the framework set forth in <u>McDonnell Douglas</u>. The Court stressed that all that is required is a short and plain statement of the claim showing that the pleader is entitled to relief. <u>Id.</u> (internal citations omitted). However, although heightened fact pleading of specifics is not required to properly allege a <u>prima</u>

---

[7] If the employee establishes a <u>prima facie</u> case of discrimination, the burden shifts to the employer to state a legitimate nondiscriminatory reason for the adverse employment action. <u>Id.</u> at 54(internal citation omitted). "If the employer meets this burden, the presumption of discrimination evaporates." <u>Id.</u> "At the third stage, with the initial presumption of discrimination removed, it falls upon the employee to 'present sufficient evidence to show both that the employer's articulated reason . . . is a pretext and that the true reason is discriminatory.'" <u>Id.</u> (internal citation omitted).

facie case of discrimination, there must be enough facts to state a claim to relief that is plausible in its face. Twombly, 550 U.S. at 569-70 (holding that it was taking an approach consistent with its prior opinion in Swierkiewicz, because it does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face). Here, Plaintiffs have not nudged their claims across the line from conceivable to plausible.

First, we note that in the complaint, Plaintiffs fail to allege that Soto-Martinez' employer continued to have his duties performed by a comparably qualified person after his termination. Furthermore, as described above, Plaintiffs failed to proffer factual allegations that show that Soto-Martinez was discriminated because of his sex. Thus, there are no factual allegations in the complaint which would allow us to find that the circumstances surrounding Soto-Martinez' termination give rise to an inference of sexual discrimination. See Iqbal, 129 S. Ct. at 1950 (holding that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief'")(quoting Fed. R. Civ. P. 8(a)(2)). All that is left is a conclusory allegation in the complaint that Soto-Martinez' "termination was based on his gender." (Docket No. 1, ¶ 27). As explained above, conclusory allegations are not accepted as true

Civil No. 08-2374 (JAG)                                                    13

when ruling upon a motion to dismiss. Id. at 1949. Because Plaintiffs' sex discrimination claim based on Soto-Martinez' termination hinges on a mere conclusory allegation and since Plaintiffs failed to allege that Soto-Martinez' employer continued to have his duties performed by a comparably qualified person, we find that Plaintiffs have not alleged a prima facie case of discrimination.

    C. Retaliation

    Plaintiffs' also proffer a retaliation claim under 42 U.S.C. § 2000e-3(a) which "forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 60 (2006) (citing 42 § 2000e-3(a)). Said antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm. Id. at 67. A retaliation claim under Title VII is also analyzed under the McDonnell Douglas burden shifting framework. To prove a prima facie case of retaliation Plaintiffs must allege that: (1) Soto-Martinez engaged in protected conduct under Title VII; (2) Soto-Martinez suffered an adverse employment action; and (3) the adverse action was causally connected to the protected activity. Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir. 2009). An employee has

Civil No. 08-2374 (JAG)                                                14

engaged in activity "protected conduct" if he has either "(1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." Id. (internal citation omitted). However, in order to establish "participation in a protected activity" Plaintiffs need not prove that the conditions against which Soto-Martinez protested actually amounted to a violation of Title VII. Id. (internal citations omitted). Plaintiffs only have to show through their allegations that Soto-Martinez had a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'" Id.

In the case at bar, Plaintiffs failed to comply with the first requirement. Plaintiffs allege that Soto-Martinez engaged in protected conduct when he formalized several complaints at his job regarding the above described comments and acts by his co-workers. Furthermore, Plaintiffs contend that Soto-Martinez engaged in protected conduct when during a staff meeting at his place of employment, he came to the defense of a teacher against whom homosexual comments were being proffered. We find that these allegations are not sufficient.

As discussed above, Title VII does not protect against verbal harassment from fellow employees that insinuate that the person is a homosexual. Furthermore, Title VII does not proscribe harassment

Civil No. 08-2374 (JAG)                                                    15

simply because of sexual orientation. Higgins, 194 F.3d at 259. Thus, Soto-Martinez' complaint was not directed at an unlawful practice as it did not point out "discrimination against particular individuals nor discriminatory practices by Defendants." Id. (internal citation and quotation marks omitted). Consequently, Soto-Martinez could not have a "good faith, reasonable belief that the underlying challenged actions of the employer violated the law." Id. at 33 (internal citation and quotation marks omitted). As a result, Plaintiff's retaliation claims under Title VII must be dismissed.

II. Supplemental Law Claims

This Court should decline to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims when all federal claims are dismissed. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998) (holding that "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation") (internal citations omitted). Since Plaintiff's federal claim will be dismissed, this Court will not exercise supplemental jurisdiction over their remaining state law claims. Accordingly, Plaintiffs' state law claims shall be dismissed.

**CONCLUSION**

For the reasons state above, this Court **GRANTS** Defendants'

Case 3:08-cv-02374-JAG-JA   Document 19   Filed 09/09/09   Page 16 of 16

Civil No. 08-2374 (JAG)                                                16

motion to dismiss. (Docket No. 18). Plaintiffs' federal claims under Title VII shall be dismissed with prejudice. Plaintiffs' state law claims shall be dismissed without prejudice. Judgment shall be entered accordingly.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 9th day of September, 2009.


                               <u>S/Jay A. Garcia-Gregory</u>
                               JAY A. GARCIA-GREGORY
                               United States District Judge